IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN W. SELLERS                                                                                     PETITIONER
ADC #87983

V.                                           NO. 5:06CV00114 SWW/JWC

LARRY NORRIS, Director,                                                                      RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

John W. Sellers, an inmate serving a life sentence in the Arkansas Department of Correction pursuant to a 1988 capital felony murder conviction, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entries #2, #8). He advances the following claims for relief:

      1.      The information charging him was defective;

      2.      His constitutional right to have compulsory process for obtaining witnesses in his favor was violated;

      3.      Prosecutorial vindictiveness or misconduct;

      4.      The information failed to allege all of the essential elements of the charged crime;

      5.      Ineffective assistance of counsel;

      6.      The evidence was insufficient to support his conviction;

      7.      His right to be free from double jeopardy was violated by his retrial following reversal of his conviction on direct appeal;

      8.    Admission of hearsay testimony violated his right to confront a witness; and

      9.    The prosecutor engaged in misconduct by introducing evidence of uncharged crimes.

Respondent has filed a motion to dismiss the petition as successive (docket entry #11), and Petitioner has responded (docket entry #12). The Court agrees that the petition should be DISMISSED.

This is Petitioner's second federal habeas petition. Court records confirm that he filed his first federal habeas petition in November 1992, challenging the same conviction and sentence. His claims were addressed on their merits and dismissed. Sellers v. Norris, No. 5:92-cv-00740-SWW (E.D. Ark. July 14, 1995) (docket entries #13, #17, #18) (Resp't Ex. A & B). Petitioner's application for a certificate of probable cause to appeal was denied by the District Court and by the Eighth Circuit Court of Appeals. Id. at docket entries #21 & #22 (Resp't Ex. C).

Substantial difficulties exist for individuals attempting to bring second or successive federal habeas petitions. Specifically, 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Until such an order is obtained from the appropriate court of appeals, the district court has no jurisdiction to consider a successive petition. Robinson v. Johnson, 313 F.3d 128, 138 (11th Cir. 2002), cert. denied, 540 U.S. 826 (2003) (collecting cases); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (anyone who files a successive petition must start in the court of appeals, and any effort to begin in the district court must be

dismissed for want of jurisdiction or transferred to the court of appeals); see Nims v. Ault, 251 F.3d 698, 706 (8th Cir. 2001) (Bye, J., dissenting) (because habeas petitioner failed to comply with certification requirements for successive petitions, district court "lacked the power and authority to entertain his current petition"). If a panel of the court of appeals certifies the petition to meet the requirements of § 2244(b),[1] the petition will be allowed to proceed in the district court. 28 U.S.C. § 2244(b)(3).

This petition is clearly "second or successive" within the literal meaning of the statute: it raises claims concerning the same conviction to which Petitioner's prior § 2254 petition was addressed. Wainwright v. Norris, 121 F.3d 339, 340 (8th Cir. 1997). However, an "overly literal" construction of the statute should be avoided, Vancleave v. Norris, 150 F.3d 926, 928 (8th Cir. 1998), and a first petition will be disregarded in some circumstances, such as when it is dismissed without prejudice for technical reasons or for failure to exhaust state remedies. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) (second petition not successive where first petition was dismissed for failure to exhaust, without adjudicating any claims); Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (where competency for execution claim dismissed as premature from first petition, can bring the claim again when ripe without authorization under successive-petition statute).

However, unlike the above cases, Petitioner's first petition in this case was dismissed with prejudice on the merits. See Fed. R. Civ. P. 41(b) (unless district court's

---

[1] This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence *and* the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Id. § 2244(b)(2).

order specifies otherwise or in three listed situations, involuntary dismissal "operates as an adjudication upon the merits"); Charles Alan Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. 2d § 2373 (2006) ("Thus [an involuntary dismissal] is, in the phrase commonly used by the federal courts, 'with prejudice.'"). Accordingly, this petition is a "second or successive application" under § 2244(b) and thus requires prior Court of Appeals authorization. While Petitioner presents several arguments as to why he believes he should be allowed to proceed with a successive application, those are arguments which should be presented to the Eighth Circuit Court of Appeals.

Respondent's motion to dismiss (docket entry #11) should, therefore, be GRANTED, and this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entries #2, #8) should be DISMISSED without prejudice to refiling if Petitioner obtains the necessary order from the United States Court of Appeals for the Eighth Circuit.

DATED this 23rd day of June, 2006.

.

_____
UNITED STATES MAGISTRATE JUDGE